AO 245B  Judgment in a Criminal Case - D. Massachusetts
         Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.
CARLOS MEDINA

STATEMENT OF REASONS

Case Number: 1: 04 CR 10360 - 001 - DPW

Martin Richey, Esq.
Defendant's Attorney

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | | | | |
|---|---|---|---|---|
| Total Offense Level: | 17 | | | |
| Criminal History Category: | V | | | |
| Imprisonment Range: | 46 | to | 57 | months |
| Supervised Release Range: | 2 | to | 3 | years |
| Fine Range: | $ $5,000.00 | to $ | $50,000.00 | |

Defendant's Soc. Sec. No.: xxx-xx-7083
Defendant's Date of Birth: xx-xx-1971
Defendant's USM No.: 25452-038
Defendant's Residence Address:
Lawrence, MA

08/25/05
Date of Imposition of Judgment

*/s/ Douglas P. Woodlock*
Signature of Judicial Officer

The Honorable Douglas P. Woodlock
Judge, U.S. District Court
Name and Title of Judicial Officer

August 25, 2005
Date

Defendant's Mailing Address:
Lawrence, MA

AO 245B   Judgment in a Criminal Case - D. Massachusetts
          Statement of Reasons - Sheet 2

Statement of Reasons - Page  2  of  4

DEFENDANT:        CARLOS MEDINA
CASE NUMBER:  1: 04 CR 10360  - 001 - DPW

# STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:   $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B   Judgment in a Criminal Case - D. Massachusetts
         Statement of Reasons - Sheet 3

Statement of Reasons - Page 3 of 4

DEFENDANT: CARLOS MEDINA
CASE NUMBER: 1: 04 CR 10360 - 001 - DPW

# STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐ The sentence departs from the guideline range:

   ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

   ☒ for the following specific reason(s):

COURT IMPOSED A NON-GUIDELINE SENTENCE DUE TO CONSIDERATION OF 18 USC § 3553(a) FACTORS, INFORMED BY CONSIDERATION OF THE POLICY STATEMENT IN USSG § 5G1.3(c), IN LIGHT OF DEFENDANT'S BELATED INDICTMENT FOR INVOLVEMENT IN A STING OPERATION ARISING OUT OF EVENTS OCCURING IN EARLY TO MID-JUNE 2002. THE SENTENCE WAS DESIGNED TO BE ESSENTIALLY CONCURRENT WITH THE SERVICE OF A STATE PERIOD OF INCARCERATION FOR EVENTS OCCURRING LATER IN 2002, GIVEN DEFENDANT'S VERY SUCCESSFUL POST INCARCERATIVE EFFORTS AT REHABILITATION AS A RESULT OF THAT STATE SENTENCE, INCLUDING HIS CHOICE TO PURSUE REGULAR EMPLOYMENT DESPITE HIS ENTITLEMENT TO DISABILTIY PAYMENTS AS A RESULT OF AIDS. A FURTHER PERIOD OF INCARCERATION

☒ See Continuation Page

AO 245B    Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 4

DEFENDANT:    CARLOS MEDINA
CASE NUMBER: 1: 04 CR 10360 - 001 - DPW

Statemennt of Reasons - Page   4   of   4

## ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

### ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

FOR EVENTS IN EARLY TO MID 2002 WOULD DEVASTATE DEFENDANT'S REHABILITATION SUCCESS AND CAUSE UNNECESSARY FURTHER DISRUPTION OF THE FAMILY DEFENDANT FORMED IN 2002, WITH HIS MARRIAGE TO HIS HIV POSITIVE WIFE AND ACCEPTANCE OF RESPONSIBILITY FOR HER THREE MINOR CHILDREN BY A PREVIOUS RELATIONSHIP AND FOR THEIR OWN 3 YEAR OLD CHILD. SUPERVISION OF THIS WORK AND FAMILY RESPONSIBILITY DIMENSION TO DEFENDANT'S DEMONSTRATED REHABILITATION WOULD BE A MORE PRODUCTIVE ALLOCATION OF SOCIETY'S RESOURCES THAN ADDITIONAL INCARCERATION.